IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ONESOUTH BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-CV-156 (MTT) |
| | ) |
| SUMMER TIME MELONS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**[1]

Plaintiff OneSouth Bank moves to remand this action to the Superior Court of Crisp County, Georgia. Doc. 7. Defendants Global Produce Sales, Inc. and Summer Time Melons, LLC oppose remand. Doc. 11. Because the Court lacks subject matter jurisdiction, OneSouth's motion to remand (Doc. 7) is **GRANTED**.

**I. BACKGROUND**

On November 29, 2018, Herman Curt Titshaw, a watermelon farmer in Crisp County, executed a promissory note, a loan agreement, a commercial loan agreement, and a security agreement "in favor of [OneSouth] in exchange for the Bank loaning Titshaw operating funds necessary to conduct his 2019 watermelon farming operations." Doc. 1-1 at 8-9 ¶¶ 15-17. OneSouth loaned Titshaw $1,300,000, to be repaid by November 29, 2019. *Id*. at 9 ¶ 18. To protect itself in the event of Titshaw's default, and pursuant to the loan agreement, OneSouth obtained "a first lien security interest in all of Titshaw's then owned and thereafter acquired interests in the collateral

---

[1] This action was reassigned to the undersigned on January 26, 2023.

as described in the corresponding Security Agreement." *Id*. at 9 ¶ 20.  That corresponding security agreement granted OneSouth a security interest in:

> (a) All farm products … now or hereafter planted, grown or located on land owned or rented by Titshaw and all such crops acquired … and all proceeds of any sale or disposition of any of the foregoing;
>
> (b) An assignment of the proceeds of any crop insurance obtained with respect to the crops[,] … as well as the proceeds of and/or participation in any and all governmental programs relating to said crops or land owned or rented by Titshaw … ;
>
> (c) All payments, accounts, general intangibles, or other benefits … in which Titshaw now has, or may have in the future any rights or interest or which may relate, in any fashion, to the above-described crops, or the land owned or rented by Titshaw, and which arise under or as a result of any pre-existing, current, or future federal or state governmental programs … ;
>
> (d) All cash and non-cash proceeds of the foregoing.

*Id*. at 12 ¶ 23.

Pursuant to the security agreement, Titshaw would be in default if he failed to pay on time, if he materially misled OneSouth, if he failed to perform as set forth under any of the agreements, if he went bankrupt, if he sold, conveyed, or transferred "any rights in the property securing the obligations under the Security Agreement," or if the property under the security agreement was lost or damaged.  *Id*. at 15 ¶ 32.  If Titshaw defaulted, OneSouth had the right to declare the loan, with interest, "be fully due and payable in [its] aggregate amount."  *Id*. at 9 ¶ 20.  The security agreement further provided that, if Titshaw defaulted, "the Bank shall have all rights and remedies in and against the property securing the obligations under the Security Agreement and otherwise of a secured party under the Uniform Commercial Code of Georgia" ("UCC").  *Id*. at 15 ¶ 33.

In January 2019, "[i]n accordance with O.C.G.A. § 11-9-310, the Bank perfected its security interest by filing a UCC Financing Statement with" the pertinent counties. *Id*. at 16 ¶ 36.  This UCC financing statement "identifie[d] all crops and proceeds from the sale of crops owned by Titshaw as collateral." *Id*. at 16 ¶ 37.  Moreover, OneSouth alleges the UCC financing statement gave OneSouth "a valid, perfected, first-priority security interest in the proceeds from Titshaw's 2019 watermelon crop," and it "was sufficient to put any third party on notice that the collateral identified in the financing statement was covered by [OneSouth's] security interest." *Id*. at 16-17 ¶¶ 38-39.

According to OneSouth, between June 1, 2019 and July 31, 2019, Global "sold to third-party buyers the watermelons owned by Titshaw that were subject to the Bank's security interest and received the proceeds from the sale of such watermelons." *Id*. at 21 ¶ 61.  Global is a "selling agent" or "commission merchant" that allegedly made $654,472.07 from this sale of Titshaw's watermelons.  *Id*.  Titshaw then hired Summer Time "to harvest, pack, and ship the 2019 watermelons that had been purchased by Global." *Id*. at 20 ¶ 60.  However, "[t]he Bank did not consent to Global, Summer Time, or any other third parties retaining any proceeds from the sale of the subject watermelons for set-off purposes or otherwise." *Id*. at 23 ¶ 70.

On the maturity date of the loan, November 29, 2019, Titshaw's outstanding balance due on the loan, with interest, was $609,773.84.  *Id*. at 18 ¶ 47.  Thus, Titshaw defaulted on the loan "by failing to make any further payments on the remaining principal and interest due before November 29, 2019." *Id*. at 18 ¶ 48.  Accordingly, OneSouth informed Titshaw of his default.  *Id*. at 18 ¶ 49.  And on June 2, 2020, OneSouth's counsel sent Titshaw a letter demanding payment.  *Id*. at 19 ¶ 51.

OneSouth also demanded "all proceeds retained by Global and Summer Time from any sale of the watermelons produced by Titshaw" be transferred to OneSouth.  *Id*. at 25 ¶ 83.

Because OneSouth had still not received full payment, it filed suit in this Court against the defendants and others on September 28, 2020.  *OneSouth Bank v. Herman Curt Titshaw*, No. 5:20-cv-379-MTT, Doc. 1 (M.D. Ga. Sept. 28, 2020).  However, OneSouth later moved to voluntarily dismiss because discovery developments led it to conclude its claims were controlled completely by state law, and it wished to refile in state court.  *Id*., Doc. 49.  The Court granted that motion and dismissed the case on March 21, 2022.  *Id*., Docs. 58; 59.

On September 7, 2022, OneSouth filed suit in the Superior Court of Crisp County alleging claims for (1) breach of contract against Aaron Titshaw, in his capacity as Administrator of the Estate of Herman Titshaw,[2] (2) conversion/misappropriation of collateral and proceeds against Global, and (3) conversion/misappropriation of collateral and proceeds against Summer Time.  Doc. 1-1 at 6, 27-35 ¶¶ 92-142.

On October 10, 2022, Global and Summer Time, with Aaron Titshaw's consent, removed the case to this Court based on federal question jurisdiction.  Docs. 1; 1-3.  That same day, Global and Summer Time filed their answer.  Doc. 3.  OneSouth moved to remand the case on November 9, 2022, arguing the Court lacks subject matter jurisdiction.  Doc. 7.

---

[2] Herman Curt Titshaw passed away on April 8, 2021.  Doc. 1-1 at 7 ¶ 3.  Aaron Titshaw is representing Herman Titshaw's estate and has not responded to OneSouth's motion to remand.  *Id*. at 7 ¶ 6.

## II. STANDARD

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  And "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction."  *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).  "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."  *Id*.  "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts."  *Id*.

## III. DISCUSSION

Global and Summer Time maintain that the Court has subject matter jurisdiction over this action because OneSouth's complaint necessarily implicates the Food Security Act ("FSA").  Doc. 11 at 6.  Specifically, Global and Summer Time argue that "to prevail on its conversion of collateral claims against Defendants, Plaintiff must prove that it had superior rights to the 2019 watermelon crop and the proceeds therefrom, which turns on

whether any of the Defendants were acting as 'buyers' for the purposes of the [FSA] thereby requiring Plaintiff's strict compliance with the notice provisions of the" FSA.[3]  *Id*. at 6-7.

Because (1) OneSouth's complaint does not raise a federal question, and (2) a federal defense cannot serve as the basis for removal, the Court concludes it does not have subject matter jurisdiction over this action.[4]

## A. Well-Pleaded Complaint

The Supreme Court has "long held that '[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  This "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392.  "To bring a case [under 28 U.S.C. § 1441(a)], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936).  Only where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of

---

[3] The FSA provides that buyers, commission merchants, and selling agents of farm products in the ordinary course of business only take farm products "subject to a security interest created by the seller if" the secured party complies with the notice requirements as set forth in the act.  7 U.S.C. §§ 1631(d), (e), & (g).

[4] The Court also does not have subject matter jurisdiction based on diversity.  OneSouth, Aaron Titshaw, in his capacity as administrator of Herman Titshaw's estate, and Summer Time are all Georgia residents. Docs. 1-1 at 6-7 ¶¶ 2-8; 7-1 at 2; 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.").

federal law" does a court have federal question jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983).

Here, OneSouth alleges only state law claims against the defendants for breach of contract and conversion/misappropriation. Doc. 1-1 at 27-35 ¶¶ 92-142. Nowhere in OneSouth's "well-pleaded complaint" does it raise a claim or right under federal law, specifically the FSA. Unlike its first complaint, where it alleged (1) it perfected its security interest through compliance with the FSA's notice requirements, and (2) that Global and Summer Time "failed to comply with the [FSA] … by failing to pay the Bank the proceeds from the sale of Titshaw's watermelon crop," OneSouth's claims now rest solely on state law. *Compare* Doc. 1-1 at 16-17, 32, 35 ¶¶ 36-39, 125, 141 *with OneSouth Bank v. Herman Curt Titshaw*, No. 5:20-cv-379-MTT, Doc. 1 ¶¶ 27, 68. Specifically, OneSouth alleges that its security interest was perfected through compliance with the UCC, not the FSA, and that Global and Summer Time did not comply with the UCC, not the FSA. Doc. 1-1 at 16-17, 28, 35 ¶¶ 36-39, 125, 141. In fact, OneSouth mentions the FSA once in its complaint, when quoting the security agreement. *Id*. at 12 ¶ 23. Thus, a federal question is not "presented on the face of" OneSouth's complaint. *Rivet*, 522 U.S. at 475.

Global and Summer Time argue that OneSouth is attempting to "avoid this Court's jurisdiction" through "artful" pleading tactics. Doc. 11 at 6, 13. The Court disagrees. Federal law is not the basis for an essential element of any of OneSouth's claims. *Gully*, 299 U.S. at 112. Nor does federal law "create" OneSouth's causes of action or provide a substantial basis for its right to relief. *Franchise Tax. Bd.*, 463 U.S. at 27-28. Finally, OneSouth's complaint cannot "be recharacterized as one 'arising

under' federal law" because "the law governing" OneSouth's complaint is not "exclusively federal." *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009). OneSouth has disavowed any claim that the FSA is the source of its superior rights in the proceeds from the 2019 watermelon crop.

Under the "well-pleaded complaint" rule, the Court does not have subject matter jurisdiction.

**B. Federal Defense**

Global and Summer Time argue that, even with consideration of the "well-pleaded complaint" rule, OneSouth cannot "avoid federal question jurisdiction by 'omitting to plead necessary federal questions in [its] complaint.'" Doc. 11 at 7 (quoting *Franchise Tax. Bd.*, 463 U.S. at 22). In other words, Global and Summer Time argue OneSouth cannot "avoid federal question [sic] jurisdiction" because its "state-law claims raise substantial questions of federal law." *Id*. (quoting *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)). However, OneSouth's *complaint* does not raise questions of federal law—Global and Summer Time's *defense* does. Doc. 3 at 10 ¶ 1. And a defendant cannot remove a case to federal court based on a federal defense. *Caterpillar Inc.*, 482 U.S. at 393.

The Supreme Court has held that "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393; *see also Franchise Tax Bd.*, 463 U.S. at 10 ("[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal

law."); *Gully*, 299 U.S. at 113 ("[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."); *Kondaur Cap. v. Soler*, 2023 WL 356018, at *2 (11th Cir. Jan. 23, 2023).

In their answer, Global and Summer Time assert, as an affirmative defense, that OneSouth "fail[ed] to comply with the direct notice requirements of the [FSA] by failing to provide a strictly compliant notice of its alleged security interest to Defendants." Doc. 3 at 10 ¶ 1. Thus, as they argue in their response to the motion to remand, "in determining whether Plaintiff had rights in the 2019 watermelon crop and its proceeds, as will be required to establish its claims for conversion of collateral, the Court and/or the trier of fact, will be required to determine if Defendants were acting as 'buyers' as defined by the [FSA], or as 'creditors' as asserted by Plaintiff." Doc. 11 at 8. But OneSouth's compliance with the FSA's notice requirements is not part of OneSouth's complaint. Again, OneSouth does not assert that the FSA provides it with superior rights in the proceeds. Therefore, it is Global and Summer Time's *defense* to OneSouth's claims of conversion/misappropriation that raises a federal question—not OneSouth's complaint. And the Supreme Court has made clear that a federal court does not have subject matter jurisdiction over an action solely based on a defense that implicates federal law. *Caterpillar Inc.*, 482 U.S. at 393; *Franchise Tax Bd.*, 463 U.S. at 10.

OneSouth once chose to plead that its rights were based in part on federal law. *OneSouth Bank v. Herman Curt Titshaw*, No. 5:20-cv-379-MTT, Doc. 1. This time it chose not to. Indeed, if the Court were to find subject matter jurisdiction based on Global and Summer Time's invocation of the FSA, OneSouth "would be master of

nothing." *Caterpillar Inc.*, 482 U.S. at 399.  Global and Summer Time's defense under the FSA does not confer subject matter jurisdiction onto the Court.

## IV. CONCLUSION

Because Global and Summer Time failed to carry their burden of establishing that OneSouth's complaint raises a federal question and complete diversity does not exist, the Court does not have subject matter jurisdiction over this action.  Accordingly, OneSouth's motion to remand (Doc. 7) is **GRANTED** and the case is **REMANDED** to the Superior Court of Crisp County.

**SO ORDERED**, this 16th day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
